IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| HARTZELL WD GRAY, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:25-CV-00369-DGK |
| ) | |
| CITY OF KANSAS CITY, MISSOURI, ) | |
| and MORGAN SAID, ) | |
| ) | |
| Defendants. ) | |

## ORDER ON DISCOVERY DISPUTE

This case arises from Plaintiff Hartzell Gray's attendance at a "tenants' rights" protest at City Hall in Kansas City, Missouri. Plaintiff alleges Defendants retaliated against him for attending the protest by trying to get him fired from his job at KCUR, a local radio station, which violates the First Amendment.

Now before the Court is a discovery dispute between the parties concerning Plaintiff's responses to Defendants' interrogatories and requests for production. After carefully reviewing the parties' briefs, the Court holds a hearing is unnecessary and rules on the existing record.

For the reasons stated below, Defendants' request that Plaintiff fully answer each interrogatory and provide documents responsive to each request for production is GRANTED. Defendants' alternative request that this case be dismissed is DENIED. Plaintiff shall fully answer all the interrogatories and provide all the requested documents on or before February 6, 2026. If Plaintiff fails to fully comply with this order by that date, the Court may dismiss this case with prejudice.

### Background

Defendant Kansas City ("the City") served Plaintiff with twenty-five interrogatories (ECF

No. 41-1) and twenty-two requests for production ("RFPs") (ECF No. 41-3). Defendant Said served Plaintiff with twenty-three interrogatories (ECF No. 41-2) and twenty-six RFPs (ECF No. 41-4). Except for City Interrogatory 15, Plaintiff objects to every interrogatory. Except for City RFPs 1 and 12 and Said RFPs 1, 16, and 23, Plaintiff objects to every RFP.

Plaintiff variously alleges that the discovery requests (1) seek information protected by attorney-client privilege; (2) are overbroad, unduly burdensome, and not reasonably calculated to lead to admissible evidence but are rather calculated to harass Plaintiff; (3) seek irrelevant information; (4) are premature; (5) are inappropriate or untimely "contention interrogatories"; or (6) contain compound questions to avoid the number limit for interrogatories. More broadly, Plaintiff claims the "overarching issues" with the requests for discovery "is that they . . . are not limited in time or scope and they seek privileged documents." ECF No. 42 at 1.

Defendants contest these characterizations and argue that Plaintiff's objections are largely "boilerplate," in violation of Fed. R. Civ. P. 33(a)(4) and 34(b)(2)(B) and the Court's Initial Standing Order (ECF No. 5). ECF No. 41 at 2, 5–6. Defendants also contest Plaintiff's objections alleging the requests are impermissible "contention interrogatories," are "compound questions," and seek the "mental impressions" and "legal conclusions" shielded by attorney-client privilege and the work-product doctrine. *Id.* at 3–4, 6; ECF No. 36 at 2–3.

## Analysis

As an initial matter, the Court notes that Plaintiff's briefs on this discovery dispute do not cite any law in support of his position, as ordered by the Court (ECF No. 38), except for a reference to Fed. R. Civ. P. 33(a)(2), which Plaintiff misrepresents (ECF No. 42 at 4). While frustrating, this is not surprising, since no caselaw supports Plaintiff's position.

2

## I. Plaintiff's boilerplate objections are overruled

Nearly all of Plaintiff's objections are boilerplate objections which do not comply with the specificity requirement of Rules 33(b)(4) and 34(b)(2)(B). They also violate this Court's Initial Standing Order ("ISO"), which defines boilerplate objections and prohibits their use. The ISO states:

> [A boilerplate objection is] "an objection that 'merely states the legal grounds for the objection without (1) specifying how the discovery request is deficient and (2) specifying how the objecting party would be harmed if it were forced to respond to the request.'" *See Brown v. Kansas City*, No. 20-CV-00920-DGK, 2022 WL 15045965, at *2 (W.D. Mo. Oct. 26, 2022) (quoting *Smash Tech., LLC v. Smash Sols., LLC*, 335 F.R.D. 438, 441 (D. Utah 2020)). For instance, a boilerplate objection would be one "that asserts a request is 'overly broad' or 'irrelevant' without explaining why[.]" *Id.*; *see also Liguria Foods, Inc. v. Griffith Lab'ys, Inc.*, 320 F.R.D. 168, 185 (N.D. Iowa 2017). Despite this clear prohibition, some litigants continue to answer discovery with boilerplate objections.
>
> The parties shall not include any boilerplate objections in their discovery responses. If they do, the Court will find them to be waived. The parties shall only raise objections that are clearly applicable and stated with specificity. For example, if a party believes a request is "unduly burdensome," it must specifically explain how the request is unduly burdensome and how it would be harmed if forced to respond as written. The same is true for all other forms of objections. The parties shall carefully read the rules and caselaw governing written discovery requests and comply with them.

ECF No. 5 at 8–9.

In this case, the Court holds Plaintiff's objections asserting the information sought is either (1) irrelevant, (2) privileged, (3) an impermissible contention interrogatory, or (4) "compound, conjunctive, or disjunctive," are all boilerplate objections because they merely state the legal grounds for the objection without either "(1) specifying how the discovery request is deficient" or "(2) specifying how the [Plaintiff] would be harmed if [he] were forced to respond to the request." Further, many of these objections simply restate the substance of the request as the reason for its objectionability rather than explaining why the request is objectionable.

### A. Plaintiff's relevancy objections are overruled.

Plaintiff's relevancy objections are meritless because Rule 26(b)(1) permits discovery of nonprivileged matters that are "relevant to any party's claim or defense and proportional to the needs of the case." This information "need not be admissible in evidence to be discoverable." *Id.* If the discovery sought appears relevant on its face, the party resisting discovery bears the burden of demonstrating the request seeks irrelevant information. *See Carter v. The Advisory Grp., Inc.*, No. 8:06CV603, 2007 WL 3112453, at *2 (D. Neb. Oct. 22, 2007). If the discovery does not appear to be relevant on its face, the party seeking discovery bears the burden of showing relevance. *Id.* In the present case, the Court finds all the discovery sought by Defendants is relevant on its face, and Plaintiff has not met his burden of showing these requests are irrelevant. But even if the requests were not relevant on their face, the Court finds Defendants have shown in their briefing that the requests seek discoverable information. *See* Defendants' Brief on Discovery Dispute, ECF No. 41 at 2–4.

### B. Plaintiff's privilege and work product objections are overruled.

Plaintiff's objections based on privilege or immunity are similarly unavailing. Rule 26(b)(5)(A) requires a party that withholds information by asserting privilege to "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." This rule is a codification of the long-standing practice of requiring a party asserting privilege to provide "a list or log" of withheld information to aid with privilege disputes. *PaineWebber Grp., Inc. v. Zinsmeyer Trusts P'ship*, 187 F.3d 988, 992 (8th Cir. 1999). "[F]ailure to provide a privilege log can waive the privilege, but does not waive it automatically. . . . Waiver of the privilege is reserved as a serious sanction for cases of unjustified delay,

4

inexcusable conduct, and bad faith." *RightCHOICE Managed Care, Inc. v. Hosp. Partners, Inc.*, 489 F. Supp. 3d 907, 914 (W.D. Mo. 2020) (citation and internal quotations marks omitted). Objecting to a request by simply asserting "attorney client privilege and/or work product doctrine" without more is simply to "recit[e] a boilerplate objection." *Id.* at 915. Hence, in the present case, Plaintiff's objections invoking "attorney-client privilege, work-product doctrine, and/or any other privilege or immunity," without more, lack the requisite specificity.

### C. Plaintiff's "contention interrogatory" objections are overruled.

Plaintiff's objection that some of Defendants' requests are impermissible contention interrogatories is also not persuasive. Plaintiff contends that some of the interrogatories are contention interrogatories which should only be answered at the pretrial conference. Plaintiff writes Fed. R. Civ. P. 32(a)(2) "explicitly states that the appropriate time to answer contention interrogatories, if they should be answered at all, is at the pre-trial conference." ECF No. 42 at 4. Plaintiff is incorrect. What Rule 32(a)(2) actually states is, "the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time." Thus, courts have discretion to order a later answer to a contention interrogatory, and this discretion is not limited to the pretrial conference. But the Court has not exercised that discretion here, so Plaintiff may not wait until some later time to answer.

Plaintiff's alternate argument, that these "contention interrogatories" are objectionable under the attorney-client privilege and the work-product doctrine because they "are asking for legal conclusions" which Plaintiff could only give after consultation with counsel, ECF No. 42 at 4, fares no better. Rule 33(a)(2) allows for interrogatories seeking "an opinion or contention that relates to fact or the application of law to fact . . . ." "The purpose of such interrogatories is to help the requesting party understand the basis for the claims levied against them and prepare a

5

defense. The interrogatories can also help narrow the issues at trial." *In re: EpiPen Direct Purchaser Litig.*, No. 20-CV-827 (ECT/JFD), 2023 WL 2675134, at *4 (D. Minn. Mar. 29, 2023) (citations omitted). A party will not be required to answer such interrogatories, however, if doing so would require the party "to provide a narrative account of its case." *Id.* (citations omitted).

After carefully reviewing the discovery requests at issue here, the Court holds none of Defendants' interrogatories seek information that is either privileged or protected by the work-product doctrine. "An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact." Fed. R. Civ. P. 32(a)(2). Even if the interrogatories did seek privileged or protected information, Plaintiff has violated Rule 26(b)(5)(A) by not providing a privilege log.

**D. Plaintiff's "compound, conjunctive, or disjunctive" objections are overruled.**

Finally, Plaintiff's objections alleging interrogatories are "compound, conjunctive, or disjunctive" are overruled. "[I]nterrogatory subparts are to be counted as part of but one interrogatory if they are logically or factually subsumed within and necessarily related to the primary question." *Alexander v. 1328 Uptown, Inc.*, No. 18-CV-1544 (ECT/ECW), 2019 WL 4929931, at *14 (D. Minn. Oct. 7, 2019). To determine whether an interrogatory with a question and subsequent questions is essentially a single question with necessary subparts or more than one question, courts may ask, "[C]an the subsequent question stand alone? Is it independent of the first question?" *Kendall v. GES Exposition Servs., Inc.*, 174 F.R.D. 684, 685 (D. Nev. 1997). "Genuine subparts should not be counted as separate interrogatories. However, discrete or separate questions should be counted as separate interrogatories, notwithstanding they are joined by a conjunctive word and may be related." *Id.* at 685–86.

Despite the boilerplate form of these objections, the Court has carefully reviewed each

interrogatory under the test for compound interrogatories explained above and has not found a single allegedly "compound, conjunctive, or disjunctive" question that fails it. In each instance, the subsequent question or part of a question is not independent of the primary question but is rather "logically or factually subsumed within and necessarily related to the primary question."

In sum, for the above stated reasons, Plaintiff's responses to the following discovery requests are overruled as "boilerplate" objections and waived in accordance with the Initial Standing Order as violations of the Federal Rules of Civil Procedure.

> City Interrogatories: 1, 2, 3, 4, 5, 6, 7, 8, 10, 11, 12, 13, 14, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25
>
> Said Interrogatories: 2, 3, 4, 5, 6, 7, 8, 9, 11, 12, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23
>
> City Requests for Production: 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 13, 14, 15, 16, 17, 18, 20, 21, 22
>
> Said Requests for Production: 2, 3, 4, 6, 9, 10, 11, 12, 13, 14, 15, 17, 18, 19, 20, 21, 22, 24, 25, 26

Plaintiff shall fully answer these interrogatories and produce all documents responsive to each on or before February 6, 2026. To the degree an interrogatory or RFP implicates attorney-client privilege or the work-product doctrine, Plaintiff's response shall spell this out with specificity. Plaintiff shall also provide a detailed privilege log.

### II. Plaintiff's remaining objections are overruled.

The Court rules as follows with respect to the remaining objections.

#### a. City Interrogatories

9: Do you allege Morgan Said attempted to have you fired from KCUR? Yes____No____ If yes, state each and every fact supporting your allegation that Morgan Said requested or attempted to have you fired.

**ANSWER: Plaintiff objects to this question as premature. Plaintiff has not fully completed discovery and at this point cannot answer the interrogatory.**

7

**Plaintiff also objects to this interrogatory because it contains a compound, conjunctive, or disjunctive questions.**

Plaintiff's objection is overruled. "It is not a valid objection that interrogatories or requests for documents are 'premature' if . . . they were propounded after the time specified in Rule 26(d)(1) or (d)(2) and there was no order specifying the timing of discovery on any specific issues." *Liguria Foods*, 320 F.R.D. at 186; *see also W. Liberty Foods, LLC v. Blue Apron, LLC*, No. 4:18-CV-00280(CRW/CFB), 2019 WL 13233223, at *1 (S.D. Iowa Nov. 27, 2019) ("[Parties] may not refuse to respond to discovery requests based upon their determination that information sought is premature in the course of discovery . . . ."). The Court entered the Scheduling Order on August 8, 2025, the City served this interrogatory on November 6, 2025, and the Court has not specified the timing of discovery on this issue. Hence, Rule 26's limits on the timing of discovery requests are satisfied. Plaintiff's compound question objections is overruled for the reasons explained above.

**b. Said Interrogatories:**

1. State your name and address.

**ANSWER: Plaintiff objects to this interrogatory because it is duplicative and Defendant is in possession of such information, or the information is otherwise equally available to Defendant. Plaintiff objects to this interrogatory because it requests confidential and/or proprietary information. The information sought is sensitive and disclosure would compromise personal or business confidentiality.**

Objection to Said Interrogatory 1 is overruled. This objection is borderline boilerplate. Plaintiff does not explain how his name and address are "confidential and/or proprietary" or how their disclosure in discovery "would compromise personal or business confidentiality."

10. Identify each and every action taken by Defendant Said in which you allege she acted with the purpose to cause you emotional distress.

**ANSWER: Plaintiff objects to this interrogatory as it seeks information**

8

**protected by the attorney-client privilege, work-product doctrine, and/or any other privilege or immunity. Plaintiff objects to this question as premature. Plaintiff has not fully completed discovery and at this point cannot answer the interrogatory. Plaintiff also objects to this interrogatory because it contains a compound, conjunctive, or disjunctive questions.**

Plaintiff's objection is not premature for the reasons explained above, and the remaining objections are all boilerplate.

13. Please identify all persons with knowledge of any communication between Morgan Said and any one at KCUR related to you or your employment with KCUR.

**ANSWER: Plaintiff objects to this interrogatory as vague, ambiguous, argumentative, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The terms "related to you" or "your employment with KCUR" is so board as to encompass nearly anything. Plaintiff objects to this interrogatory because it seeks information from third parties and information not within Plaintiff's possession, custody, control, or personal knowledge. Plaintiff objects to this interrogatory as it seeks information protected by the attorney-client privilege, work-product doctrine, and/or any other privilege or immunity. Plaintiff also objects to this interrogatory because it contains a compound, conjunctive, or disjunctive questions.**

Plaintiff's objections as allegedly vague, ambiguous, etc. are overruled; they are also borderline boilerplate. Plaintiff implies there is a multitude of diverse communications between defendant Said and KCUR about him or his employment, but he does not support this implication with any specificity. Moreover, the interrogatory is not ambiguous within the context of Plaintiff's complaint, which alleges that Defendant Said tortiously interfered with his employment at KCUR by communicating with KCUR.

Plaintiff's objection as to third-party possession of information is overruled. Plaintiff's complaint alleges that "KCUR was a victim of Defendants' conduct . . . and acted in a manner so as to not potentially upset the mayor—fearing the consequences of losing any remaining access to City hall," First Amended Petition, ECF No. 1-1 at ¶ 26, an allegation that implies Plaintiff knows of persons, at least at KCUR, who were aware of the issues that are now the substance of this

9

litigation. Moreover, Plaintiff does not explain why the information allegedly known by third parties is necessarily and exclusively so or why it would be unduly burdensome for him to obtain it. Fed. R. Civ. P. 26(e) anticipates the need to supplement incomplete responses to interrogatories when new information is discovered, so a party without all the information responsive to an interrogatory is not thereby excused from answering based on what the party does have. *See Gomez v. Tyson Foods, Inc.*, No. 8:08-CV-21, 2012 WL 3111897, at *3 (D. Neb. July 31, 2012) ("The parties are under a continuing obligation to supplement or correct any disclosure, including . . . [a] response to an interrogatory . . . that is, or becomes, incomplete or incorrect.").

Plaintiff's claim of privilege is overruled as boilerplate for the reasons noted above, as is the objection to the request as allegedly compound.

### c. Said Requests for Production

5. Provide all documents, including emails, text messages, Facebook posts, Facebook messages, Twitter messages, Instagram messages, or any other written, electronic social post you have sent or received which relate to your claims that the City has retaliated against you. If your documents are bates labeled, identify the bates number range responsive to this request.

**RESPONSE: Objection. This request seeks information that is privileged and confidential and is not limited to the scope of the pleadings of this case. This Request is overly broad and it is not reasonably calculated to lead to the discovery of admissible evidence. See** *Davids v. Novartis Pharmacueticals* (sic) *Corp.***, U.S. Dist. EDNY, Case No. 06-cv-00431, Feb. 24, 2012 Order. Further, it seeks information that is protected by the Stored Communications Act, 8 U.S.C. 121 §§ 2701-2712, which extends Fourth Amendment privacy protection to email and other digital communications stored on the internet. Further, disclosure of such information would be a violation of Facebook's Terms of Service. Facebook's Chief Privacy Officer, Erin Egan, in a March 23, 2012 letter has publicly stated that Facebook would not respond to third-party requests seeking users' private information, and would possibly take legal action to protect the privacy of its users. Further the pleadings do not place into issue all of Plaintiff's privileged and confidential information that Defendant now seek through this Request. Under current Missouri case law a defendant is not entitled to privileged and confidential information not placed into issue by the pleadings. Defendants are only entitled to information limited to the pled claims.** *State ex rel. Stecher v. Dowd***, 912 S.W.2d 462 (Mo. banc 1995),** *State ex rel. Jones v. Syler***, 936 S.W.2d 805 (Mo. banc 1997),** *State ex rel.*

10

***Madlock vs. O'Malley*, 8 S.W.3d 890 (Mo. banc 1999) and *State ex rel. Brown v. Dickerson*, 136 S.W.3d 539 (Mo.App. WD 2004).**

Plaintiff's objection as privileged and confidential is overruled. Defendant Said seeks social media posts "which relate to" Plaintiff's claims. First, any post, message, or document that has been shared voluntarily with a third party, or which Plaintiff has received from a third party, is not protected by attorney-client privilege. See *In re Grand Jury Proceedings*, 841 F.2d 230, 234 (8th Cir. 1988) ("Any claim of attorney-client privilege has been waived by the prior disclosure of these documents to third parties. Voluntary disclosure is inconsistent with the confidential attorney-client relationship and waives the privilege."). The Stored Communications Act and Facebook's Terms of Service are irrelevant. Defendant Said seeks social media posts and emails posted, sent, or received by Plaintiff, not information stored on a server to which Plaintiff does not have legal access or private information of Facebook users that would require a subpoena of Facebook. Second, the request is limited in scope to posts "which relate to" Plaintiff's claim of retaliation. Third, Plaintiff's reliance on Missouri caselaw is misplaced. Aside from any emails, messages, or other documents between Plaintiff and his attorney about this case, the information Defendant Said requests is not privileged and confidential and it is limited to the pled claims, one of which, Count I, is retaliation.

> 7. Please produce all documents, emails, texts, or written communications between you and any representative, employee, or agent of KCUR regarding your involvement in the August 18, 2022, protest including documentation of any related discipline, suspension, or KCUR's communications with the Mayor's Office. If your documents are bates labeled, identify the bates number range responsive to this request.
>
> **RESPONSE: Plaintiff objects to the entirety of this request because it is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to admissible evidence as is seeks information regarding *any* communication regarding the August 18, 2022 protest *or* the unrelated communication between the mayor's office and KCUR; Plaintiff is unsure what information is being sought and such information seems to be unrelated**

> **to claims made by Plaintiff and is not limited in time or in scope. This request was intended to harass, oppress, embarrass, and/or annoy Plaintiff by seeking discovery of matters that have zero relevance to this lawsuit. Lastly, Plaintiff objects to this request because the only possible purpose of this request is to harass and cause hardship to the plaintiff and needlessly increase the cost of litigation to Plaintiff or his counsel. Plaintiff objects to this request as it seeks information protected by the attorney-client privilege, work-product doctrine, and/or any other privilege or immunity.**

Plaintiff's objection is overruled. Most of this objection is boilerplate, and the one specific objection results from a misreading of the request. First, any communication between Plaintiff and his employer, KCUR, about the August 18, 2022, protest is relevant to this lawsuit. The entire suit arises from the alleged retaliation and tortious interference with Plaintiff's employment at KCUR by Defendants in response to Plaintiff's participation in the August 18 protest. Second, the phrase "or KCUR's communications with the Mayor's Office" is modified by the phrase "including documentation of any related [i.e., related to communications between Plaintiff and KCUR about the protest] . . . ." The syntax of the request is awkward, but it is clear to the Court that Defendant Said requests documentation of any communications between KCUR and the Mayor's Office related to Plaintiff's involvement in the August 18, 2022, protest. Again, this alleged communication is the source of Plaintiff's suit and is therefore relevant.

> 8. Please produce all documents, emails, texts, or written communications between you and any representative, employee, or agent of KCUR regarding your involvement in any protest or rally, other than the August 18, 2022 protest, including documentation of any related discipline, suspension, or KCUR's communications with the Mayor's Office. If your documents are bates labeled, identify the bates number range responsive to this request.
>
> **RESPONSE: Plaintiff objects to the entirety of this request because it is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to admissible evidence as is seeks information regarding any communication regarding the any protest Plaintiff was ever involved (with no temporal scope) or the unrelated communication between the mayor's office and KCUR—which Plaintiff is wholly unaware of what that communication might be. Plaintiff is unsure what information is being sought and such information seems to be unrelated to claims made by Plaintiff and is not**

12

> **limited in time or in scope. This request was intended to harass, oppress, embarrass, and/or annoy Plaintiff by seeking discovery of matters that have zero relevance to this lawsuit. Lastly, Plaintiff objects to this request because the only possible purpose of this request is to harass and cause hardship to the plaintiff and needlessly increase the cost of litigation to Plaintiff or his counsel. Plaintiff objects to this request as it seeks information protected by the attorney-client privilege, work-product doctrine, and/or any other privilege or immunity.**

Plaintiff's objection is overruled. Like the objection to Said RFP 7, most of this objection is boilerplate, and the one specific objection results from a misreading of the request. First, Defendant Said does not request "any communication" about "any protest Plaintiff was ever involved in." Defendant requests any communication between Plaintiff and his employer, KCUR, about his involvement in protests (other than the August 18, 2022, protest). This is sufficiently limited in scope, and Plaintiff makes no attempt to show that he has communicated so frequently with KCUR about his involvement in protests that Defendant Said's request is unduly burdensome. Second, such information is relevant to Plaintiff's case. Information from other examples of Plaintiff's protest involvement in the context of his work at KCUR is relevant to Plaintiff's tortious interference claim.

## Conclusion

For the reasons stated above, Defendants' request that Plaintiff fully answer each interrogatory and provide documents responsive to each request for production is GRANTED. Defendants' alternative request that this case be dismissed is DENIED. Plaintiff shall fully answer all the interrogatories and provide all the requested documents on or before February 6, 2026. To the degree an interrogatory or RFP implicates attorney-client privilege or the work-product doctrine, Plaintiff's response shall spell this out with specificity. Plaintiff shall also provide a detailed privilege log. If Plaintiff fails to fully comply with this order by that date, the Court may dismiss this case with prejudice.

The Court expects the parties to confer and cooperate in good faith to resolve this matter without the need for further Court intervention.

**IT IS SO ORDERED.**

Date: January 16, 2026                     /s/ Greg Kays
                                                                 GREG KAYS, JUDGE
                                                                  UNITED STATES DISTRICT COURT

14

Case 4:25-cv-00369-DGK    Document 67    Filed 01/16/26    Page 14 of 14