# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

HARTZELL WD GRAY, III,          )
                                )
    Plaintiff,              )
                                )
v.                              )      No. 4:25-cv-00369-DGK
                                )
CITY OF KANSAS CITY, MISSOURI,  )
and MORGAN SAID,                )
                                )
    Defendants.             )

## <u>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(b)</u>

This case arises from Plaintiff Hartzell Gray's participation in a protest at City Hall, Kansas City, Missouri, and the subsequent circumstances of his employment at KCUR, a local radio station.

Now before the Court is the Court's Order for Plaintiff to Show Cause, ECF No. 76, and Defendants' Motion to Dismiss with Prejudice Pursuant to Federal Rule of Civil Procedure 41(b). ECF No. 78. Plaintiff has also filed other motions that are pending. ECF Nos. 39, 43, 55, and 74. Plaintiff has not responded to the motion to dismiss but has filed a response to the show cause order, ECF No. 81.

For the reasons discussed below, Defendants' motion is GRANTED. This case is DISMISSED WITH PREJUDICE pursuant to Rule 41(b) for failure to prosecute and for failure to comply with the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders. All other motions are DENIED AS MOOT.

1

A court may dismiss a case "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order."  Fed. R. Civ. P. 41(b).  In evaluating the propriety of a dismissal with prejudice under Rule 41(b), the Eighth Circuit looks to "the degree of egregious conduct which prompted the order of dismissal and to a lesser extent upon the adverse impact of such conduct upon both the defendant and the administration of justice in the district court."  *Smith v. Gold Dust Casino*, 526 F.3d 402, 405 (8th Cir. 2008).  Moreover, the Eighth Circuit has emphasized that "the sanction imposed by the district court must be proportionate to the litigant's transgression, and that dismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or continued or persistent failure to prosecute a complaint."  *Id.* (cleaned up).  But in deciding whether to dismiss with prejudice, the Court need not find that Plaintiff "acted in bad faith, only that he acted intentionally as opposed to accidentally or involuntarily."  *Rodgers v. Curators of Univ. of Mo.*, 135 F.3d 1216, 1219 (8th Cir. 1998).

In deciding whether to dismiss with prejudice under Rule 41(b), the Court "should first consider whether any less-severe sanction could adequately remedy the effect of the delay on the [C]ourt and the prejudice to the opposing party."  *Smith*, 526 F.3d at 406.  While it is not required, the Court should typically warn plaintiffs that they are "skating on the thin ice of dismissal" before doing so.  *Rodgers*, 135 F.3d at 1221.  The Eighth Circuit has emphasized that "[a]lthough dismissal with prejudice is an extreme sanction," it gives the Court "a large amount of discretion in regulating and sanctioning misconduct that occurs in proceedings before it."  *Good Stewardship Christian Ctr. v. Empire Bank*, 341 F.3d 794, 797 (8th Cir. 2003).  Indeed, willful violation of a

2

single order is enough to support dismissal under Rule 41(b). *See Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994).

## Factual Background

The Court will not recite all the facts alleged in the First Amended Complaint, ECF No. 1-1. In brief, Plaintiff alleges that, on August 18, 2022, he attended a protest with KC Tenants, an affordable-housing advocacy group, during a City Council meeting at City Hall in Kansas City, Missouri. After the Council meeting and protest, Kansas City Mayor Quinton Lucas's then-Chief of Staff Said called Lisa Rodriguez, the news director for KCUR at the time, about Plaintiff's involvement in the protest. During the conversation, Said "issued a veiled/vague threat to KCUR if it did not terminate Plaintiff or in some way discipline" him for his participation at the protest. The next day, August 19, 2022, Plaintiff's supervisor called him to inform him about the call from the Mayor's Office and to pull him off his weekend shift. Plaintiff is an hourly employee of KCUR, so he lost pay from not working over the weekend. After further conversations with Rodriguez, during which Rodriguez expressed concerns about the situation, Plaintiff stopped attending protests and demonstrations and began attending KC Tenants meetings virtually. As a result of the situation and further interactions with Said, Plaintiff alleges he experienced medically diagnosable emotional distress, for which he received treatment.

This action was removed from the Circuit Court of Jackson County, Missouri, to this Court on May 15, 2025. Plaintiff alleges First Amendment retaliation under 42 U.S.C. § 1983 against the City (Count I), tortious interference with business relations against Said (Count II), negligent infliction of emotional distress against Said (Count III), and negligence per se for violations of

Mo. Rev. Stat. § 565.090 (harassment) and KCMO Ord. Sec. 50-159 (harassment) against Said (Count IV).[1]

<strong>Background to the Current Motion</strong>

This case has been plagued by a series of unnecessary disputes and delays starting not long after it was removed to this Court. Plaintiff has repeatedly violated the Federal Rules, the Local Rules, and the Court's orders. Defendants have generally been much more attentive to the rules and court orders but are not spotless, as noted below.

First, all parties failed to comply with the Court's order to file a proposed scheduling order by June 30, 2025. *See* ECF No. 6. Consequently, the Court ordered the parties to file their proposed scheduling order on or before July 25, 2025, and warned that failure to do so may result in dismissal of the case without prejudice under Rule 41(b) for failure to prosecute or comply with the Court's order. ECF No. 14. On July 25, 2025, Defendants filed a separate proposed scheduling order, stating that "Plaintiff's counsel did not respond to Defendant's counsel's request to affix her signature to the order by the close of business on July 25, 2025." *See* ECF No. 18 at 1. As a result, on July 31, 2025, the Court ordered Plaintiff either (1) to show cause by August 7, 2025, why the Court should not dismiss this case with prejudice under Rule 41(b) for failure to prosecute and failure to comply with the Court's order; or (2) to file a proposed scheduling order by August 7, 2025. ECF No. 18. Plaintiff filed a proposed scheduling order that same day. ECF No. 19. Plaintiff explains his counsel agreed with the proposed order filed by Defendants, so "she did not file an additional identical proposed scheduling order, as she considered the proposed order filed by Defendants to be the parties' joint proposed scheduling order." ECF No. 77 at ¶ 12. After the

---

[1] The Court dismissed Count IV as to Mo. Rev. Stat. § 565.090. ECF No. 28.

4

show cause order, however, "Plaintiff's counsel now understands that is not the Court's preferred practice." *Id.*

Plaintiff also failed to make his initial disclosures within fourteen days of the parties' Rule 26(f) conference, in violation of Rule 26(a)(1)(C), and only did so on August 7, 2025, ECF No. 20, when prompted by Defendants' counsel. ECF No. 79-2 at 1–2.

Next, on August 14, 2026, Plaintiff filed a notice of subpoena of third party Mayor's Corps of Progress for a Greater Kansas City, Inc. ("Mayor's Corps"). ECF No. 22. Mayor's Corps began to comply, but after months of back-and-forth scheduling and cancellation, on December 17, 2025, Plaintiff filed a motion for contempt and to compel production. ECF No. 39.

Then, in the midst of this third-party discovery dispute, a discovery dispute between the parties arose in mid-December 2025. The Court ordered briefing of the issue, ECF No. 38, and ultimately decided the issue in Defendants' favor, ECF No. 67. In its order, the Court first noted that Plaintiff failed to cite any law in support of his position, in violation of the Court's discovery-dispute order. ECF No. 67 at 2. The Court then found that nearly all of Plaintiff's objections to Defendants' interrogatories and requests for production were boilerplate objections, which is a violation of the Court's Initial Standing Order ("ISO"), ECF No. 5 at 8–9 ("The parties shall not include boilerplate objections in their discovery responses."), and the specificity requirement of Rules 33(b)(4) and 34(b)(2)(B). The Court ordered Plaintiff to fully answer all interrogatories and provide all requested documents on or before February 6, 2026. ECF No. 67 at 13. Plaintiff filed a Certificate of Service on February 8, 2026, certifying that Plaintiff's responses to all Defendants' discovery requests had been served on that day. On February 24, 2026, the Court ordered Plaintiff to show cause why the Court should not dismiss the case under Rule 41(b) for failure to comply with the Court's order and stayed the case.

In his response to the show cause order, Plaintiff says, "on February 8, 2026, **Plaintiff filed a Certificate of Service showing it had served both sets of discovery upon Defendants** (Doc. 70), thus **COMPLYING WITH THE COURT'S ORDER**." ECF No. 77 at 1 (emphasis in the original). Plaintiff immediately goes on, however, to say, "Admittedly, Plaintiff served and filed the Certificate of Service on February 8, 2026, two days after the Court ordered deadline." *Id.*

Plaintiff also refuses to sit for a deposition unless the Court orders him to do so. ECF No. 79-8 at 1. On November 24, 2025, Defendants asked Plaintiff for deposition dates for the weeks of December 15, 2025, or December 22, 2025. Plaintiff did not respond, and on December 2, 2025, Defendants followed up. On December 3, Plaintiff's counsel gave Defendants her availability but not Plaintiff's, saying she would confirm Plaintiff's availability later that night. She never did, and on December 9, 2025, Defendants noticed Plaintiff's deposition for December 19, 2025. *See* ECF No. 37. Plaintiff informed Defendants on December 18 at 8:56pm that he would not attend the deposition due to a "family medical emergency." ECF No. 79-6 at 5. Defendants attempted to reschedule for December 22, 2025, but when Plaintiff failed to communicate with his attorney to confirm that date, Defendants unilaterally noticed the deposition for January 6, 2026, the last day of discovery, indicating that they were unavailable from December 23, 2025, to January 5, 2026. ECF No. 79-6 at 1. On January 2, 2026, Plaintiff filed a motion to quash that notice. ECF No. 55.

Finally, on December 4, 2025, Defendants subpoenaed discovery from third parties Sporting Club (i.e., Sporting KC), Lisa Rodriguez, KCUR, and KC Tenants. ECF Nos. 33–36. Plaintiff moved to quash the subpoenas on grounds of relevancy, overbreadth, and privilege. ECF No. 43.

**Discussion**

In their motion to dismiss under Rule 41(b), Defendants argue Plaintiff's conduct rises to the level of egregiousness to warrant dismissal with prejudice, Defendants and the Court have been burdened, Plaintiff's conduct has been willful, and the Court has warned Plaintiff several times. Plaintiff has not responded to Defendants' motion. In his response to the show cause order, Plaintiff argues the Court has misunderstood the record, misstated facts, and "greatly mischaracterized" Plaintiff's violation of one of the Court's orders. Plaintiff argues further that Defendants have violated court orders and the Local Rules, Plaintiff's conduct does not warrant dismissal with prejudice, Defendants and the Court have not been adversely affected, and the Court has not given sufficient consideration of less severe sanctions.

As an initial matter, Plaintiff's failure to respond to Defendants' motion to dismiss constitutes waiver, and the motion can be granted on that basis alone. *See, e.g.*, *Cardinal v. Bayer Healthcare Pharms. Inc.*, No. 25-CV-2509 (ECT/DTS), 2025 WL 3283302, at *1 (D. Minn. Nov. 25, 2025) (citing cases). Moreover, Plaintiff's failure to respond and his apparent reliance on his response to the Court's show cause order instead is a telling example of the lack of diligence Plaintiff has shown throughout this litigation. Defendants' motion is broader than the Court's show cause order, and some of the issues it raises remain unanswered by Plaintiff, leaving the Court either to consider any argument Plaintiff could make against them as waived or to comb through the record for itself to test Defendants' assertions. Out of an abundance of caution, given the severity of the remedy Defendants seek, the Court has taken the latter course. Moreover, Plaintiff accuses Defendants of "fail[ing] to cite case law that supports their position that the case should be dismissed." ECF No. 81. Plaintiff apparently refers here to Defendants' response to the show cause order, ECF No. 80. That brief response, which Defendants were not required to file, refers

7

the Court explicitly to its motion to dismiss and suggestions in support—to which Plaintiff has not responded or, apparently, even bothered to read—which make a detailed factual and legal case for dismissal. Plaintiff's accusation in the face of such inattention is unacceptable.

On the merits of the motion, the Court finds Plaintiff's conduct rises to the level of egregiousness to justify dismissal with prejudice. Plaintiff has violated the Federal Rules, the Local Rules, and the Court's orders on multiple occasions. His conduct has been willful and prejudicial to Defendants and to the Court. And Plaintiff has been warned with lesser sanctions and with dismissal with prejudice, all to no avail. Therefore, as explained more fully below, the Court finds only dismissal with prejudice is an adequate remedy.

## I. Plaintiff willfully violated the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders

The Court first addresses the various instances of Plaintiff's violation of the Federal Rules, the Local Rules, and the Court's orders.

### A. Scheduling Order

Plaintiff's counsel's preparation and signing of the proposed scheduling order is not, as Plaintiff would have it, "the Court's preferred practice." It is a requirement of the Local Rules and the Federal Rules. *See* L.R. 16.1(c)(1) ("An attorney for the plaintiffs must prepare a draft of the proposed scheduling order."); Fed. R. Civ. P. 11(a) (setting signature requirement for "[e]very pleading, written motion, or other paper"). The Court pointed out L.R. 16.1(c)(1) in its first show cause order. *See* ECF No. 18 at 1.[2]

In explanation, Plaintiff claims "**At no point during the email correspondence did Defendants request Plaintiff's counsel affix her signature to the order by the close of business on July 25, 2025, nor did Ms. Schwappach** [i.e., counsel for the City] **inform Plaintiff's counsel**

---

[2] That Order contains a typographical error, giving the citation as "L.R. 13.1(c)(1)" when L.R. 16.1(c)(1) was meant.

**she intended to file the proposed order after the parties had come to an agreement.**" ECF No. 77 at ¶ 8 (emphasis in the original). As shown by the email correspondence included as Ex. A to Plaintiff's Show Cause Response, both assertions are false. First, as Plaintiff notes immediately before his emphatic declaration, "[Counsel for the City] stated that if the proposed document 'looks good, you can add your signature and file.'" *See* ECF No. 77-1 at 2. The Court is aware that this statement is not technically in the form of a "request" and does not say explicitly "by the close of business on July 25, 2025." However, it is obvious from the context that counsel for the City was asking Plaintiff's counsel to add her signature and file the proposed scheduling order, as was Plaintiff's counsel's responsibility under the Local Rules. And given the Court's order that the parties file their proposed scheduling order on or before July 25, 2025—and that the email was sent to Plaintiff's counsel on July 25, 2025—Plaintiff's counsel was on notice that the scheduling order had to be filed that day. Second, on July 25, 2025, at 10:48am, counsel for the City emailed Plaintiff's counsel "I am going to file the scheduling order around 3pm, so please let me know [if 11/16 works for trial]." ECF No. 77-1 at 6. This sequence is not the picture of transparent communication, but Plaintiff's characterization of it is unreasonable and self-serving.

Once again, to be clear, the Local Rules place the responsibility for preparing the proposed scheduling order on Plaintiff. And signing any paper filed with the Court is among the most basic requirements of the Federal Rules. Plaintiff's conduct violates these rules, and his explanation is not credible. It contradicts—if not actively misrepresents—the record. The Court also notes that counsel for the City appears to have gone out of her way to remind Plaintiff's counsel of the Local Rules and even suggested, late in the day on July 25, 2025, a way for Plaintiff's counsel to fulfill her obligations regarding the scheduling order when Plaintiff's counsel had not signed the order drafted by Defendants. *See id.* at 1–2, 4.

### B.           Order to Fully Answer Defendants' Discovery Requests

Plaintiff claims emphatically that he has complied with the Court's order to fully answer Defendants' discovery requests, even if two days late. But the Court's February 6, 2026, deadline is part of its order. Plaintiff informed Defendants' counsel, on February 6, 2026,[3] the day responses were due, that they would be late, but he did not seek leave of the Court to go beyond the Court-ordered deadline. ECF No. 77-3 at 4. Plaintiff served his responses on February 8, 2026. Doing what the Court ordered later than the Court ordered it to be done, without the Court's leave, violates the order. In his email informing Defendants' counsel of the delay, Plaintiff's counsel, seeming to justify the delay, explained that "2 sets of discovery in an under 30 day turnaround" would require her to get the discovery to Defendants late. *Id.* But the discovery requests had been pending since November 6, 2025, ECF No. 26, and the Court-ordered "under 30 day turnaround" was the direct result of Plaintiff's failure to respond appropriately to discovery requests in the first place.

Moreover, Defendants inform the Court that Plaintiff has yet to provide answers to the City's interrogatories. ECF No. 79 at 10. Plaintiff apparently sent a mislabeled duplicate of his answers to Said's interrogatories to the City and not the proper answers to the City's interrogatories. While this is almost certainly a simple clerical error, the fact that Plaintiff has not responded to this Rule 41(b) motion to dismiss and has thus not explained the error or rectified it means his violation of the Court's order goes beyond his untimely service of discovery responses.

Moreover, some of the answers and responses Plaintiff has provided fail to comply with the Court's order "to fully answer." Said Interrogatory 8 asks for medical diagnosis dates, diagnosing medical provider, and treatment that resulted from Said's alleged conduct. Plaintiff

---

[3] Plaintiff's counsel wrote on February 6, 2026, that she had been working with Plaintiff "all day" on discovery. ECF No. 77-3 at 4. This could imply that they had left much, if not all, of the work until the day the Court ordered discovery be provided to Defendants. This is another example of lack of diligence.

responds, "Plaintiff was already diagnosed with depression and anxiety prior to Defendant Said's conduct. Defendant Said's conduct exacerbated Plaintiff's depression and anxiety." ECF No. 79-16 at ¶ 8. Plaintiff gives no dates, diagnosing medical provider, or treatment either for his original diagnosis or for his exacerbated symptoms. This is an evasive, not a full, response. Said Interrogatory 16 asks Plaintiff to identify witnesses to events mentioned in the Complaint and to specify the events they witnessed. Plaintiff lists four names and states he "will supplement as information becomes known." ECF No. 79-16 at ¶ 16. Plaintiff responds to Said Interrogatory 21, which asks about Plaintiff's communication with Said, with "Will supplement." *Id.* at ¶ 21. Plaintiff also responds with "Will supplement" to Said's Requests for Production 12, 16, 24, and 25, and City's Requests for Production 7, 12, 17, 20, and 21. These are not full responses. *See De La Cruz v. JBS Swift & Co.*, No. 8:11CV231, 2012 WL 993524, at *1 (D. Neb. Mar. 23, 2012) (finding "[p]laintiff . . . failed to properly respond to [d]efendant's interrogatories" when he only provided names and phone numbers of persons with "knowledge of the allegations in the Complaint" in response to interrogatory asking plaintiff also to provide the nature of their knowledge or when he answered with only "The Plaintiff will supplement"). These failures to fully answer are themselves additional violations of the Court's order on this particular discovery dispute and of the ISO for discovery in general.

### C. Plaintiff's Deposition

The ISO makes clear that the Court expects the parties to set "mutually agreeable dates for depositions well before the close of discovery" and warns against "gamesmanship to delay or avoid depositions or to extend the discovery period." ECF No. 5 at 7. Neither Plaintiff nor Defendants are blameless here. While Defendants have been consistent in their attempts to schedule Plaintiff's deposition and apparently made a good-faith attempt to get it scheduled before the close of

discovery,[4] they did wait until November 24, 2025, to schedule a date and then proposed dates just weeks before the close of discovery. With the impending holidays and Defendants' unavailability between December 23, 2025, and January 5, 2026, this left little room for the parties to find a mutually agreeable date for the deposition. Indeed, the ISO cautions against the serving party waiting until late in the discovery period to serve deposition notices "and then try[ing] to force the deponents to sit on unilaterally noticed dates right before the discovery deadline." *Id.* However, the record indicates that Plaintiff's failure to suggest any dates for his deposition, his last-minute unilateral cancellation of the December 19, 2025, deposition, and his general non-responsiveness through counsel[5] to Defendants' attempts to schedule played a significant role in Defendants' resorting to unilaterally rescheduling his cancelled deposition for the last day of discovery. Moreover, Defendants present evidence in their opposition to Plaintiff's motion to quash that Plaintiff was out at a social event on the evening of December 19, 2025, calling into question, at least, the sincerity of Plaintiff's last-minute cancellation. ECF No. 58 at 2; *see* ECF No. 58-3. Plaintiff does not acknowledge or respond to this evidence in his reply.

All told, perhaps Defendants could have tried to begin scheduling Plaintiff's deposition earlier, especially given the usual difficulties with scheduling at the end of the year. But Plaintiff appears to have been nonresponsive, if not evasive, in scheduling his deposition and so bears most of the responsibility for the parties' current impasse in scheduling. Additionally, Plaintiff's counsel acknowledged Defendants' attempt to facilitate scheduling of the deposition by their offer to waive the cost of the deposition, but Plaintiff remains unwilling to be deposed without a court order. ECF

---

[4] When scheduling before the close of discovery did not work, Defendants also tried to get the deposition scheduled before mediation, explaining to Plaintiff's counsel that mediation would be "more productive" with a completed deposition. ECF No. 79-7 at 1.
[5] S*ee, e.g.*, ECF No. 58-2 at 1, December 19, 2025, email from Plaintiff's counsel to counsel for the City ("I tried again [to contact Plaintiff] and let him know how important it is that he contact me.").

12

No. 80-3 at 2.  Plaintiff's unwillingness to sit for a deposition without a court order in these circumstances is unacceptable, and it appears to the Court that his unresponsiveness—to Defendants and to his own attorney—in the weeks leading up to the close of discovery may have been an attempt to avoid a deposition altogether.

D.　　　　**Third-Party Subpoenas**

The Court has reviewed the briefing of Plaintiff's motion to quash the subpoenas of Sporting KC, Lisa Rodriguez, KCUR, and KC Tenants.  The motion is borderline frivolous. Plaintiff has placed his employment and relationship with KCUR, his communications with Lisa Rodriguez, his activities with KC Tenants, his role with Sporting KC—including an interaction with Defendant Said and Kansas City Mayor Lucas at a Sporting KC event hosted by Plaintiff— his professional reputation, his experience of humiliation, and economic harms at issue.  He alleges that Defendants' actions are the but-for cause of his alleged injuries.  The relevance of the subpoenaed materials—communications by and between the persons and entities named regarding Plaintiff for a set period of time, personnel files, disciplinary and job-performance documents, etc., *see* ECF No. 44 at 2–4—is obvious, and Plaintiff's objections, which suffer from some of the same faults as his objections to Said's and the City's discovery requests (*e.g.*, vague claims of "overbreadth," false claims of a lack of temporal scope) appear to be an unwillingness to litigate in good faith.  And none of the third parties have objected to the subpoenas.

A comparison with Plaintiff's own third-party subpoena of Mayor's Corps is instructive. Unlike Defendants' third-party subpoenas, which seek documents from persons or entities named in the Complaint with direct or indirect connections to the actions or defenses in this case, Plaintiff seeks official and financial records from an entity who is not named in the Complaint and whose relevance to this case is not as straightforward as the persons and entities from whom Defendants

seek discovery.  The Court is not saying Plaintiff could not obtain discovery from Mayor's Corps.  After all, "'[r]elevance' within the meaning of Rule 26(b)(1) is a considerably broader concept than 'relevance' for purposes of trial." *Mayhall v. Berman & Rabin, P.A.*, No. 4:13CV00175-AGF, 2013 WL 4496279, at *3 (E.D. Mo. Aug. 21, 2013) (citing *Schoffstall v. Henderson,* 223 F.3d 818, 823 (8th Cir.2000).  What the Court is saying is that Plaintiff appears to think that one standard for discovery applies to him while another applies to Defendants.  But the Federal Rules apply the same discovery standards to all parties.  *See* Fed. R. Civ. P. 26(b)(1).  In short, Plaintiff's approach to third-party discovery appears to indicate a lack of good faith.

The Court finds all of the conduct outlined above to be willful.

**II.      Plaintiff's actions have prejudiced Defendants and burdened the Court.**

Plaintiff's conduct has prejudiced Defendants in their ability to understand his claims and prepare their defenses.  The discovery dispute outlined above was the result of Plaintiff's violation of the ISO, and Plaintiff's Court-ordered responses remain incomplete and are therefore further order violations.  In addition, Plaintiff's motion to quash the discovery subpoenas of Sporting Club, Lisa Rodriguez, KCUR, and KC Tenants is borderline frivolous and caused Defendants to spend resources in answering.  Plaintiff's actions have also burdened the Court in that it has had to issue multiple show cause orders to Plaintiff and rule on a needless discovery dispute.  And on this very motion, the Court, out of an abundance of caution, has thoroughly examined the record to evaluate Defendants' arguments for dismissal, even though Plaintiff has not bothered to do the same.

**III.      Plaintiff has been warned.**

Plaintiff claims he has only ever been warned with dismissal with prejudice "from the very first transgression.  At no time has a less severe sanction other than dismissal been suggested."  ECF No. 81.  Not so, as a brief perusal of the record shows.

In its order to the parties to submit their proposed scheduling order, Plaintiff was warned that failure to do so could result in the Court dismissing the case without prejudice under Rule 41(b) for failure to prosecute or comply with the Court's order. ECF No. 14. Thus, Plaintiff again misrepresents the record as it was only after this initial warning that the Court warned Plaintiff he was in danger of having his case dismissed with prejudice for his failure to submit a proposed scheduling order. ECF No. 18. In its order on the discovery dispute, the Court warned Plaintiff that, if it found the dispute violated the ISO, the Court may impose sanctions. ECF No. 38. In its order that Plaintiff fully answer Defendants' discovery requests on or before February 6, 2026, the Court warned Plaintiff that failure to fully comply with the order by that date may result in dismissal of the case with prejudice. ECF No. 67 at 13. And in its second show cause order, the Court, having already warned Plaintiff throughout the litigation of sanctions and dismissal without and with prejudice because of his misconduct, again gave Plaintiff the opportunity to explain why dismissal with prejudice is not warranted. Plaintiff has been warned, and the Court has considered lesser sanctions.

### IV. No sanction short of dismissal with prejudice is adequate.

In light of Plaintiff's conduct, the Court's prior warnings, and Plaintiff's inadequate—and misleading—responses, the Court finds no sanction short of dismissal with prejudice is "adequate to remedy the effect of the delay on the [C]ourt and the prejudice to the opposing party." *Smith*, 526 F.3d at 406. Plaintiff's disregard for the Federal Rules, the Local Rules, and the Court's orders shows a troubling lack of respect for the tribunal and a determination to do whatever he wants in this case. Plaintiff has also self-servingly misrepresented facts that are obvious in the record. This is the kind of willful, intentional conduct that warrants dismissal with prejudice. *See Smith*, 526 F.3d at 405; *Rodgers*, 135 F.3d at 1219. Defendants have had to answer meritless motions and

engage in a needless discovery dispute that resulted from Plaintiff's own violation of the ISO and the Federal Rules. And Plaintiff has been warned more than once with the threat of lesser sanctions, despite his protestations to the contrary.

### Conclusion

Accordingly, Defendants' Motion to Dismiss with prejudice, ECF No. 78, is GRANTED. This case is DISMISSED WITH PREJUDICE pursuant to Rule 41(b) for failure to prosecute and for failure to comply with the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders. All other motions are DENIED AS MOOT.

**IT IS SO ORDERED.**

Date:  May 11, 2026          /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT